HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN SCHMIT, JUSTIN LUNDAY, ANNA LUNDAY, KENNETH JACOBS, CHERYL JACOBS, and CORY MILLER,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF KALAMA, ROBERT LAYMON, FRANK FEISE, SCOTT MOSSHART, ALL NATURAL PRODUCTS, LLC,<br><br>　　　　　　　　Defendants. | CASE NO. C16-5085-RBL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR REMAND AND GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION<br><br>DKT. ##10, 11 |

THIS MATTER is before the Court on Plaintiffs' Motion for Remand [Dkt. #10] and Defendant City of Kalama's Motion for Summary Judgment and Dismissal [Dkt. #11].[1] It involves a neighborly dispute over Kalama's approval of a rezone permit.

Defendants Robert Laymon and his prospective tenant, All Natural Products, LLC (owned by Frank Geise and Scott Mosshart), submitted a proposal to rezone approximately 10 acres in the middle of Laymon's property from highway commercial to industrial, to grow

---

[1] Defendants Frank Geise and All Natural Products joined the City's Motion [Dkt. #22].

ORDER DENYING PLAINTIFFS' MOTION FOR
REMAND AND GRANTING DEFENDANTS'
SUMMARY JUDGMENT MOTION - 1

1  marijuana. The Kalama City Council approved the rezoning, issuing Ordinance 1367, on

2  November 18, 2015. Laymon's neighbors, Plaintiffs John Schmit, Anna Lunday, and Cory

3  Miller, attended the City Council's December 16, 2015 meeting to object to the approval.

4        They sued in state court on January 20, 2016. Plaintiffs argue the City of Kalama violated

5  Washington's Land Use Petition Act by unlawfully adopting Ordinance 1367, which they allege

6  contradicts Kalama's Comprehensive Plan. They also ask for a writ of certiorari, arguing they are

7  owed damages under § 1983 because the City did not notify them of any hearings held before

8  adopting the ordinance. Defendants removed the case to federal court.

9        Plaintiffs argue the Court should remand the case or decline to exercise supplemental

10 jurisdiction because their LUPA appeal predominates and concerns an evolving area of state law:

11 how an agency's "competence, based upon compliance with statutory prerequisites, controls the

12 preclusive affect of agency determinations." Defendants argue that because a 21-day limitations

13 period bars Plaintiffs' LUPA petition, it should be dismissed, leaving only their § 1983 claim for

14 the Court's consideration.

15       Defendants ask the Court to dismiss this claim too, because Plaintiffs have no Fourteenth

16 Amendment property right in their neighbor's property, which it may rezone whenever public

17 necessity, convenience, and the general welfare require. Plaintiffs argue that they have "a

18 protected property right in substantive consistency [between the] Comprehensive Plan and

19 zoning designations under RCW 35A.63.105."

20                             **DISCUSSION**

21 **A.**    **Motion to Remand the Case or the LUPA Petition.**

22       Plaintiffs move the Court to remand this case or to decline to exercise supplemental

23 jurisdiction over their LUPA claims. When a case is removed on the basis of federal question

24

jurisdiction, a court must verify that it has jurisdiction over at least one of the plaintiff's claims. The party asserting federal jurisdiction must establish the propriety of removal by a preponderance of the evidence. *See Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198–99 (N.D. Cal. 1998) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)). If a district court has jurisdiction, it must decide whether to exercise supplemental jurisdiction over any other pendent claims forming part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

The Court has original federal jurisdiction over Plaintiffs' § 1983 claim, and Plaintiffs' LUPA claims arise from the same case or controversy as their § 1983 claim. Although the Court may therefore exercise supplemental jurisdiction over these claims, Plaintiffs argue the Court should not for two reasons. They argue their LUPA claims predominate because their § 1983 damages depend on the success of their LUPA appeal. They also argue their appeal concerns the preclusive effect of a state agency's decision, an allegedly novel issue now before the Washington State Court of Appeals. Defendants argue the Court should retain jurisdiction because Plaintiffs' untimely LUPA claims cannot predominate.

A court may decline to exercise supplemental jurisdiction over a pendent claim if (1) the claim substantially predominates over the claim over which the district court has original jurisdiction, (2) the claim raises a novel or complex issue of state law, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, other compelling reasons for declining jurisdiction exist. *See* 28 U.S.C. § 1367(c).

Plaintiffs' LUPA claims might ordinarily predominate, but here, for the reasons discussed below, they are unviable. Also, when an agency's decision is preclusive is neither novel nor

complex. The Court will continue exercising supplemental jurisdiction. Plaintiffs' Motion to Remand [Dkt. #10] is DENIED.

**B.     Motion to Dismiss LUPA Petition.**

Defendants move to dismiss Plaintiffs' LUPA claims because they are time-barred by LUPA's 21-day limitations period. Plaintiffs argue the City failed to individually notify them it was considering Laymon's rezone proposal.

LUPA replaced the writ of certiorari as the exclusive means of judicial review of land use decisions. *See* RCW 36.70C.030(1). It prevents parties from delaying review. *See* RCW 36.70C.010. Once a local land use authority passes an ordinance, parties only have twenty-one days to appeal, whether the authority passed the ordinance legally or not. *See* RCW 36.70C.040(4)(b); *see also Habitat*, 155 Wash.2d 397, 407, 410, 120 P.3d 56 ("[E]ven illegal decisions must be challenged in a timely, appropriate manner.") (holding LUPA petition time-barred even where hearing examiner had failed to give prior notice of the approval hearing).

If a petition is dismissed as untimely, its correspondent claims for damages under state law must also be dismissed. *See Muffett v. City of Yakima*, No. CV–10–3092–RMP, 2011 WL 5417158, at *3 (E.D. Wash. Nov. 9, 2011) (citing *Mercer Island Citizens for Fair Process v. Tent City 4*, 156 Wash.App. 393, 405, 232 P.3d 1163 (2010)). Although, a § 1983 damages claim may proceed. *See id*. at *4; *see also Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1165 (W.D. Wash. 2015).

Plaintiffs waited sixty-three days after Kalama passed Ordinance 1367 before filing an appeal. Even if they did not receive notice of the rezone proposal before the City Council approved it, they at least knew the Council had approved it when they objected on December 16, 2015. They waited thirty-five days after that meeting to sue. Because Plaintiffs did not file their

1  LUPA petition within twenty-one days, no court may review it. *See* RCW 36.70C.040(4)(b).

2  Defendants' Motion to Dismiss [Dkt. #11] is GRANTED, and Plaintiffs' untimely LUPA claims

3  are DISMISSED with prejudice.

4  **C.    Summary Judgment on Plaintiffs' Section 1983 Claim.**

5        Defendants ask the Court to dismiss Plaintiffs' § 1983 damages claim too, arguing

6  Plaintiffs have no Fourteenth Amendment property right in their neighbor's property's zoning.

7  Plaintiffs argue that because RCW 35A.63.105 requires a city's development regulations to

8  follow its comprehensive plan, they have a property right in "substantive consistency" between

9  Kalama's Comprehensive Plan and its zoning designations. Defendants counter that violation of

10 a state zoning law does not give rise to a substantive due process claim, but even if it did,

11 Plaintiffs needed to establish any inconsistency through a LUPA petition.

12       Summary judgment is proper "if the pleadings, the discovery and disclosure materials on

13 file, and any affidavits show that there is no genuine issue as to any material fact and that the

14 movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether

15 an issue of fact exists, the Court must view all evidence in the light most favorable to the

16 nonmoving party and draw all reasonable inferences in that party's favor. *See Anderson v.*

17 *Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S. Ct. 2505 (1986); *see also Bagdadi v. Nazar*,

18 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is

19 sufficient evidence for a reasonable factfinder to find for the nonmoving party. *See Anderson*,

20 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to

21 require submission to a jury or whether it is so one-sided that one party must prevail as a matter

22 of law." *Id*. at 251–52. The moving party bears the initial burden of showing no evidence exists

23 that supports an element essential to the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477

24

1  U.S. 317, 322, 106 S. Ct. 2548 (1986). Once the movant has met this burden, the nonmoving

2  party then must show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 250. If

3  the nonmoving party fails to establish the existence of a genuine issue of material fact, "the

4  moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

5        "[I]n zoning and land-use disputes with local governments, the plaintiff must allege

6  something more than that the government decision was arbitrary, capricious, or in violation of

7  state law." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992)

8  (adopting *Lemke v. Cass County, Nebraska*, 846 F.2d 469, 470–71 (8th Cir. 1987)). A

9  conventional planning dispute, even where planning officials clearly violate the state scheme

10 under which they operate, does not implicate the Constitution. *See id*. at 1104 (quoting *Creative*

11 *Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S. Ct.

12 345 (1982)). Indeed, "the theory of substantive due process is properly reserved for truly

13 egregious and extraordinary cases...." *Id*. (quoting *Myers v. Scott County,* 868 F.2d 1017, 1019

14 (8th Cir.1989)).

15       Plaintiffs do not have a constitutional right to substantive consistency between Kalama's

16 Comprehensive Plan and its zoning designations, even if the two are inconsistent or if the City

17 arbitrarily and capriciously adopted Ordinance 1367. They have not demonstrated fundamental

18 procedural irregularity, racial animus, or the like, necessary to move this run-of-the-mill zoning

19 dispute to one giving rise to a substantive due process claim. Defendants' Motion to Dismiss

20 [Dkt. #11] is GRANTED, and Plaintiffs' § 1983 claim against them is DISMISSED with

21 prejudice.

22

23

24

**CONCLUSION**

The Court has federal question jurisdiction, and Plaintiffs' LUPA and § 1983 claims arise from the same case or controversy. Plaintiffs' Motion to Remand [Dkt. #10] is DENIED. Defendant City of Kalama's Motion for Summary Judgment [Dkt. #11] is GRANTED. Plaintiffs' untimely LUPA claims are DISMISSED with prejudice. Plaintiffs' § 1983 claim against the City, Geise, and All Natural Products is DISMISSED with prejudice because they did not violate Plaintiffs' due process rights.

IT IS SO ORDERED.

Dated this 10th day of May, 2016.

Ronald B. Leighton
United States District Judge